## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| LOIS J. HERRING,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICOLLECT, INC.,<br><br>  Defendant. | Case No. 1:20-cv-00078 |

## COMPLAINT

NOW COMES Plaintiff, LOIS J. HERRING, through undersigned counsel, complaining of Defendant, AMERICOLLECT, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LOIS J. HERRING ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Decatur, Indiana.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. AMERICOLLECT, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Wisconsin.

1

7. Defendant has a principal place of business at 1851 South Alverno Road, Manitowoc, Wisconsin 54220.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff sought medical treatment.

11. Said medical treatment resulted in certain medical bills.

12. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Those bills, once unpaid, were turned over to Defendant.

14. Several months ago, Plaintiff started to receive phone calls from Defendant.

15. Upon answering, Defendant demanded immediate payment.

16. Plaintiff responded by informing Defendant that she had insurance; therefore, she did not owe anything.

17. Plaintiff then told Defendant "[d]on't call again!"

18. Unfortunately, these phone calls continued.

19. On multiple occasions, Plaintiff answered and repeated her request that Defendant stop calling.

20. All in all, Plaintiff received no less than 10 additional unwanted phone calls from Defendant.Herr

21. Defendant's phone calls resulted in aggravation that accompanies unwanted, unauthorized, unconsented-to phone calls, anxiety, diminished value and utility of telephone

2

equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

22. Concerned with having had his rights violated, Plaintiffs sought counsel to ensure that Defendant's unlawful collection practices stopped.

23. Accordingly, Plaintiffs is forced to expend energy and time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

25. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

3

26.     Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff despite Plaintiff's request that Defendant stop calling. *See Chiverton v. Federal Financial Group, Inc*., 399 F. Supp. 2d 96 (D. Conn. 2005) (finding that repeated calls after the consumer had asked debt collector to stop calling amounted to harassment).

27.     The phone calls at issue were intended to be annoying, abusive, or harassing.

28.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

4

E.	an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: February 13, 2020                                   Respectfully submitted,

**LOIS J. HERRING**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com